FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUL 10 PM 2: 37

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL CASCIO | ) | CIVIL ACTION NO. 02-2115 |
| VERSUS | ) | SECTION: |
| TMA MARINE, INC. AND GREAT LAKES DREDGE & DOCK COMPANY | ) | MAGISTRATE: SECT. L MAG. 5 |

COMPLAINT

The complaint of Michael Cascio, a person of the full age of majority and resident of the Parish of Jefferson, State of Louisiana (hereinafter sometimes referred to as "Plaintiff"), who respectfully represents as follows:

1.

Made defendants herein are:

(A)   TMA Marine, Inc., a domestic corporation, licensed to do and doing business in the State of Louisiana; and

(B)   Great Lakes Dredge & Dock Company, a foreign corporation, licensed to do and doing business in the State of Louisiana.

2.

The jurisdiction of this Honorable Court is based upon the provisions of the "Savings to Suitors" clause of the United States Constitution, 28 U.S.C. 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. Section 688, and the provisions of the general maritime law. Plaintiff designates this matter as a Maritime Claim under Rule 9(h) of the Federal Rules of Civil Procedure.

3.

The defendant, TMA Marine, Inc., is justly and truly indebted unto your plaintiff, Michael Cascio, for the following reasons, to-wit:

1

Fee $150.00
__ Process dq@ sms
X  Dktd dq
__ CtRmDep
    Doc. No 7

4.

At all material times, plaintiff, Michael Cascio, was employed by TMA Marine, Inc. as a Jones Act seaman.

5.

Plaintiff was permanently assigned by defendant, TMA Marine, Inc., to work aboard a vessel that was owned and/or operated and/or chartered and/or controlled by TMA Marine, Inc. at all material times herein.

6.

Defendant, TMA Marine, was ordered to stop at a dock by defendant, Great Lakes Dredge & Dock.

7.

On or about February 26, 2002, while performing his duties as a mate, plaintiff was pulling slack out a line when he fell backwards into an uncovered manhole, which caused him to suffer personal injuries, all as a result of the negligence of defendants, TMA Marine, Inc., and Great Lakes Dredge & Dock.

8.

Plaintiff shows that at all times pertinent he was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform pursuant to directives of, TMA Marine, Inc., and Great Lakes Dredge & Dock.

9.

This casualty occurred as a direct and proximate result of the negligence of defendants, TMA Marine, Inc., and Great Lakes Dredge & Dock in failing to provide for an adequate crew and adequate equipment aboard the vessel, to provide a clean workplace, as well as other acts of negligence which will also be proven at trial. These acts of negligence render defendants liable

to plaintiff pursuant to 46 U.S.C. Section 688, and also pursuant to the general maritime law for negligence.

10.

This casualty was also caused as a result of the negligence of defendants, TMA Marine, Inc. and Great Lakes Dredge & Dock, in failing to warn plaintiff of the uncovered manhole, which renders defendants liable to plaintiff under the general maritime law.

11.

Plaintiff's accident was caused by defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

12.

Additionally, plaintiff asserts unseaworthiness causes of action against defendant, TMA Marine, Inc., pursuant to the general maritime law. In particular, said vessel was unseaworthy in that it did not have an adequate crew to perform the work required of plaintiff, nor did said vessel have a clean deck. The vessel was owned and/or operated and/or chartered and/or controlled by defendant, TMA Marine, Inc., at all material times herein.

13.

The fault of these defendants with respect to these casualties was willful, wanton and outrageous. Consequently, plaintiff asserts general maritime law punitive damages claims against defendants with respect to this conduct, as plaintiff is entitled to recover punitive and exemplary damages.

14.

Plaintiff also demands that defendant, TMA Marine, Inc., provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure", as determined by plaintiff's current treating physician. Plaintiff demands that maintenance be instituted in the amount of $40.00 per day from the date of his injury.

15.

Defendant's refusal to provide plaintiff with maintenance and cure is willful, wanton, arbitrary and capricious. Plaintiff has been required to file this lawsuit in an attempt to procure maintenance and cure benefits. Consequently, plaintiff is entitled to recover attorney's fees, litigation costs, and court costs with respect to this arbitrary and capricious refusal to provide maintenance and cure. Additionally, plaintiff is entitled to recover punitive damages and enhanced compensatory damages with respect to this arbitrary and capricious refusal to provide maintenance and cure.

16.

The above-described incident was caused solely by the negligence of defendants, TMA Marine, Inc. and Great Lakes Dredge & Dock Company through their agents, servants and employees and the unseaworthiness of the vessel, which are more particularly described as follows:

### NEGLIGENCE OF TMA MARINE, INC. AND GREAT LAKE DREDGE & DOCK COMPANY

   a. Failing to provide a competent crew.

   b. Failing to provide its crew with a safe place to work.

   c. Failing to ensure that the manhole was covered.

   d. Failing to properly train and/or supervise plaintiff and other employees.

4

e. Failing to provide plaintiff with a safe place to work.

f. Other acts of negligence which will be shown more fully at trial.

### UNSEAWORTHINESS OF THE VESSEL

a. Providing an incompetent and inadequate crew.

b. Providing incompetent supervision.

c. Providing inadequate equipment to perform the work required.

d. Other seaworthy conditions which will be shown more fully at trial.

17.

In the further alternative, plaintiff, Michael Cascio, reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of Res Ipsa Loquitur.

18.

As a result of the above described negligence and unseaworthiness of the vessel, Michael Cascio, sustained the following damages:

a. Past, present and future physical pain and suffering;

b. Past, present and future mental pain, suffering and anguish;

c. Past, present and future medical expenses;

d. Past lost wages;

e. Past lost found;

f. Loss of future earning capacity;

g. Loss of future found;

h. Loss of fringe benefits;

i. Disfigurement and disability;

j. Loss of enjoyment of life; and,

k. Other damages which shall be proven at trial.

19.

Plaintiff is entitled to prejudgment interest on his damages from the date of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

20.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

WHEREFORE, plaintiff, Michael Cascio, prays that the defendants, TMA Marine, Inc. and Great Lakes Dredge & Dock Company, be duly cited and served with a copy of the Complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against defendants, TMA Marine, Inc. and Great Lakes Dredge & Dock Company, in an amount sufficient to adequately compensate your plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

**RESPECTFULLY SUBMITTED BY:**

**LES A. MARTIN (#22504)**
614 Tchoupitoulas Street
New Orleans, LA  70130
Telephone (504) 299-0150

**LESTER WALDMANN (#13161)**
301 Huey P. Long Avenue
Gretna, LA  70053
Telephone: (504) 361-9000