

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2002 AUG 28 PM 4:21
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL CASCIO | * | CIVIL ACTION NUMBER.: 02-2115 |
| VERSUS | * | SECTION "L" (JUDGE FALLON) |
| TMA MARINE, INC. AND GREAT LAKES DREDGE & DOCK COMPANY | * | MAG. 5 (MAGISTRATE CHASEZ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER AND THIRD-PARTY COMPLAINT OF
### TMA MARINE, INC AND GREAT LAKES DREDGE & DOCK COMPANY

Now comes defendants, TMA Marine, Inc. and Great Lakes Dredge & Dock Company, and, for answer to the Complaint of Michael Cascio, aver as follows:

#### FIRST DEFENSE

The Complaint fails to state a claim against these defendants upon which relief can be granted.

#### SECOND DEFENSE

The plaintiff's Complaint is time barred by laches and/or prescription.

#### THIRD DEFENSE

As a separate and complete defense and in answer to the numbered allegations of plaintiff's

Complaint, defendants admit the allegations contained in paragraph 1(A), but deny the allegations contained in paragraph 1(B); admit the allegations contained in paragraphs 4 and 5; deny the allegations contained in paragraphs 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20; and aver that the allegations of paragraph 2 represent legal conclusions which require no answer, however, should answer be required, then the allegations of that article are denied.

## FOURTH DEFENSE

Alternatively, in the event that TMA Marine is held liable for the plaintiff's injuries, which allegedly occurred on one of TMA Marine's vessels, which is denied, TMA Marine, as owner of the vessel, avers that all the matters pertinent herein were incurred without its privity or knowledge and TMA Marine therefore invokes the benefit of the provisions of the Revised Statutes of the United States 46, U.S.C., §183, *et seq.*, as amended, pertaining to the limitation of liability of owners, which serve to limit TMA Marine's liability to the value of its interest in the vessel at the conclusion of her voyage, together with her freight then pending.

## FIFTH DEFENSE

As a separate and complete defense, defendants aver that plaintiff's injuries, if any, were due solely and entirely to fault and negligence of third parties or their agents or employees for which this defendant cannot be held responsible.

## SIXTH DEFENSE

As a separate and complete defense, defendants aver that plaintiff's injuries, if any, were not the result of any negligence on behalf of defendants, their employees, agents or other persons for which they are responsible, but were caused or contributed to by the fault and negligence of the plaintiff, the particulars of which will be shown at the trial of this cause, which negligence and/or

contributory negligence is pleaded in bar or diminution of any recovery herein.

## SEVENTH DEFENSE

As a separate and complete defense, defendants aver that plaintiff's injuries, if any, were not the result of any unseaworthiness of any vessel for which they were responsible.

## EIGHTH DEFENSE

There is no personal jurisdiction over Great Lakes Dredge & Dock Company in this District.

## NINTH DEFENSE

Plaintiff has failed to join a party indispensable under Federal Rule of Civil Procedure 19, namely Flag Container Services, Inc., located at 136 Greenleaf Avenue, Staten Island, New York 10310.

## TENTH DEFENSE

As a separate and complete defense, defendants aver that the plaintiff assumed the risk when he went on the dock owned by Flag Container Services, Inc.

## THIRD-PARTY COMPLAINT

Now assuming the role of third-party plaintiffs, TMA Marine, Inc. and Great Lakes Dredge & Dock Company aver as follows:

1.

Made third-party defendant is Flag Container Services, Inc., a New York corporation which owned and/or operated a dock facility in Staten Island, New York, where the plaintiff, Michael Cascio, allegedly sustained an injury.

2.

The plaintiff, Michael Cascio, alleges that he fell backwards into an uncovered manhole

located on the Flag Container Services, Inc. dock in Staten Island, New York.

3.

The accident alleged by Michael Cascio was caused by Cascio's own fault and lack of due care and/or the fault and neglect of Flag Container Services, Inc. for failure to provide a safe dock.

4.

As a result of Cascio's alleged accident, TMA Marine, Inc. has paid, and continues to pay, Cascio maintenance and cure.

5.

Michael Cascio has filed suit against TMA Marine and Great Lakes Dredge & Dock Company for injuries allegedly sustained on or about February 26, 2002, when he fell on the dock owned and/or operated by Flag Container Services, Inc.

6.

Should judgment be rendered in favor of Cascio and against defendants/third-party plaintiffs, TMA Marine, Inc. and Great Lakes Dredge & Dock Company, in the main demand, then TMA Marine, Inc. and Great Lakes Dredge & Dock Company seek contribution and/or indemnity from Flag Container Services, Inc. for any amount to which they are cast in judgment.

7.

TMA Marine also is entitled to a complete indemnity from Flag Container Services, Inc. for any and all maintenance and cure it has paid, and continues to pay, Michael Cascio as a result of the fault and neglect of third-party defendant, Flag Container Services, Inc.

8.

Defendants/third-party plaintiffs, TMA Marine, Inc. and Great Lakes Dredge & Dock Company, tender to Flag Container Services, Inc. the plaintiff's Complaint, copy attached, pursuant to Federal Rule of Civil Procedure 14(c).

9.

TMA Marine, Inc. and Great Lakes Dredge & Dock Company demand judgment against the third-party defendant in favor of the plaintiff pursuant to Federal Rule of Civil Procedure 14(c).

WHEREFORE, TMA Marine, Inc. and Great Lakes Dredge & Dock Company pray for judgment in their favor dismissing the Complaint at plaintiff's cost, including attorneys' fees; for judgment in their favor on the Third-Party Complaint and against Flag Container Services, Inc. for contribution and/or indemnity in connection with the plaintiff's main demand and TMA Marine's demand for indemnity for maintenance and cure; for judgment against the third-party defendant in favor of the plaintiff pursuant to Federal Rule of Civil Procedure 14(c); and, pre and post judgment interest, court costs, and for such other and further relief as may be proper and this Court competent to grant.

LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD

Of Counsel

STANLEY J. COHN, T.A., BAR #4238
MICHAEL F. VITT, BAR #27676
Suite 2775 Pan-American Life Center
601 Poydras Street
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Attorneys for TMA Marine, Inc. and Great Lakes Dredge & Dock Company

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 28th day of August, 2002, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUL 10 PM 2: 37

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL CASCIO | ) | CIVIL ACTION NO. 02-2115 |
| | ) | |
| VERSUS | ) | SECTION: |
| | ) | |
| TMA MARINE, INC. AND GREAT LAKES | ) | MAGISTRATE: |
| DREDGE & DOCK COMPANY | ) | |

SECT. L MAG. 5

## COMPLAINT

The complaint of Michael Cascio, a person of the full age of majority and resident of the Parish of Jefferson, State of Louisiana (hereinafter sometimes referred to as "Plaintiff"), who respectfully represents as follows:

1.

Made defendants herein are:

(A) TMA Marine, Inc., a domestic corporation, licensed to do and doing business in the State of Louisiana; and

(B) Great Lakes Dredge & Dock Company, a foreign corporation, licensed to do and doing business in the State of Louisiana.

2.

The jurisdiction of this Honorable Court is based upon the provisions of the "Savings to Suitors" clause of the United States Constitution, 28 U.S.C. 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. Section 688, and the provisions of the general maritime law. Plaintiff designates this matter as a Maritime Claim under Rule 9(h) of the Federal Rules of Civil Procedure.

3.

The defendant, TMA Marine, Inc., is justly and truly indebted unto your plaintiff, Michael Cascio, for the following reasons, to-wit:

1

Fee /50.00
___ Process ___
X Dktd ___
___ CtRmDep___
Doc. No ___

4.

At all material times, plaintiff, Michael Cascio, was employed by TMA Marine, Inc. as a Jones Act seaman.

5.

Plaintiff was permanently assigned by defendant, TMA Marine, Inc., to work aboard a vessel that was owned and/or operated and/or chartered and/or controlled by TMA Marine, Inc. at all material times herein.

6.

Defendant, TMA Marine, was ordered to stop at a dock by defendant, Great Lakes Dredge & Dock.

7.

On or about February 26, 2002, while performing his duties as a mate, plaintiff was pulling slack out a line when he fell backwards into an uncovered manhole, which caused him to suffer personal injuries, all as a result of the negligence of defendants, TMA Marine, Inc., and Great Lakes Dredge & Dock.

8.

Plaintiff shows that at all times pertinent he was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform pursuant to directives of, TMA Marine, Inc., and Great Lakes Dredge & Dock.

9.

This casualty occurred as a direct and proximate result of the negligence of defendants, TMA Marine, Inc., and Great Lakes Dredge & Dock in failing to provide for an adequate crew and adequate equipment aboard the vessel, to provide a clean workplace, as well as other acts of negligence which will also be proven at trial. These acts of negligence render defendants liable

to plaintiff pursuant to 46 U.S.C. Section 688, and also pursuant to the general maritime law for negligence.

10.

This casualty was also caused as a result of the negligence of defendants, TMA Marine, Inc. and Great Lakes Dredge & Dock, in failing to warn plaintiff of the uncovered manhole, which renders defendants liable to plaintiff under the general maritime law.

11.

Plaintiff's accident was caused by defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

12.

Additionally, plaintiff asserts unseaworthiness causes of action against defendant, TMA Marine, Inc., pursuant to the general maritime law. In particular, said vessel was unseaworthy in that it did not have an adequate crew to perform the work required of plaintiff, nor did said vessel have a clean deck. The vessel was owned and/or operated and/or chartered and/or controlled by defendant, TMA Marine, Inc., at all material times herein.

13.

The fault of these defendants with respect to these casualties was willful, wanton and outrageous. Consequently, plaintiff asserts general maritime law punitive damages claims against defendants with respect to this conduct, as plaintiff is entitled to recover punitive and exemplary damages.

14.

Plaintiff also demands that defendant, TMA Marine, Inc., provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure", as determined by plaintiff's current treating physician. Plaintiff demands that maintenance be instituted in the amount of $40.00 per day from the date of his injury.

15.

Defendant's refusal to provide plaintiff with maintenance and cure is willful, wanton, arbitrary and capricious. Plaintiff has been required to file this lawsuit in an attempt to procure maintenance and cure benefits. Consequently, plaintiff is entitled to recover attorney's fees, litigation costs, and court costs with respect to this arbitrary and capricious refusal to provide maintenance and cure. Additionally, plaintiff is entitled to recover punitive damages and enhanced compensatory damages with respect to this arbitrary and capricious refusal to provide maintenance and cure.

16.

The above-described incident was caused solely by the negligence of defendants, TMA Marine, Inc. and Great Lakes Dredge & Dock Company through their agents, servants and employees and the unseaworthiness of the vessel, which are more particularly described as follows:

### NEGLIGENCE OF TMA MARINE, INC. AND GREAT LAKE DREDGE & DOCK COMPANY

   a. Failing to provide a competent crew.

   b. Failing to provide its crew with a safe place to work.

   c. Failing to ensure that the manhole was covered.

   d. Failing to properly train and/or supervise plaintiff and other employees.

e. Failing to provide plaintiff with a safe place to work.

f. Other acts of negligence which will be shown more fully at trial.

### UNSEAWORTHINESS OF THE VESSEL

a. Providing an incompetent and inadequate crew.

b. Providing incompetent supervision.

c. Providing inadequate equipment to perform the work required.

d. Other seaworthy conditions which will be shown more fully at trial.

17.

In the further alternative, plaintiff, Michael Cascio, reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of Res Ipsa Loquitur.

18.

As a result of the above described negligence and unseaworthiness of the vessel, Michael Cascio, sustained the following damages:

a. Past, present and future physical pain and suffering;

b. Past, present and future mental pain, suffering and anguish;

c. Past, present and future medical expenses;

d. Past lost wages;

e. Past lost found;

f. Loss of future earning capacity;

g. Loss of future found;

h. Loss of fringe benefits;

i. Disfigurement and disability;

j. Loss of enjoyment of life; and,

k. Other damages which shall be proven at trial.

19.

Plaintiff is entitled to prejudgment interest on his damages from the date of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

20.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

WHEREFORE, plaintiff, Michael Cascio, prays that the defendants, TMA Marine, Inc. and Great Lakes Dredge & Dock Company, be duly cited and served with a copy of the Complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against defendants, TMA Marine, Inc. and Great Lakes Dredge & Dock Company, in an amount sufficient to adequately compensate your plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

**RESPECTFULLY SUBMITTED BY:**

*[signature]*

**LES A. MARTIN (#22504)**
614 Tchoupitoulas Street
New Orleans, LA 70130
Telephone (504) 299-0150

**LESTER WALDMANN (#13161)**
301 Huey P. Long Avenue
Gretna, LA 70053
Telephone: (504) 361-9000

6

to plaintiff pursuant to 46 U.S.C. Section 688, and also pursuant to the general maritime law for negligence.

10.

This casualty was also caused as a result of the negligence of defendants, TMA Marine, Inc. and Great Lakes Dredge & Dock, in failing to warn plaintiff of the uncovered manhole, which renders defendants liable to plaintiff under the general maritime law.

11.

Plaintiff's accident was caused by defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

12.

Additionally, plaintiff asserts unseaworthiness causes of action against defendant, TMA Marine, Inc., pursuant to the general maritime law. In particular, said vessel was unseaworthy in that it did not have an adequate crew to perform the work required of plaintiff, nor did said vessel have a clean deck. The vessel was owned and/or operated and/or chartered and/or controlled by defendant, TMA Marine, Inc., at all material times herein.

13.

The fault of these defendants with respect to these casualties was willful, wanton and outrageous. Consequently, plaintiff asserts general maritime law punitive damages claims against defendants with respect to this conduct, as plaintiff is entitled to recover punitive and exemplary damages.

3

14.

Plaintiff also demands that defendant, TMA Marine, Inc., provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure", as determined by plaintiff's current treating physician. Plaintiff demands that maintenance be instituted in the amount of $40.00 per day from the date of his injury.

15.

Defendant's refusal to provide plaintiff with maintenance and cure is willful, wanton, arbitrary and capricious. Plaintiff has been required to file this lawsuit in an attempt to procure maintenance and cure benefits. Consequently, plaintiff is entitled to recover attorney's fees, litigation costs, and court costs with respect to this arbitrary and capricious refusal to provide maintenance and cure. Additionally, plaintiff is entitled to recover punitive damages and enhanced compensatory damages with respect to this arbitrary and capricious refusal to provide maintenance and cure.

16.

The above-described incident was caused solely by the negligence of defendants, TMA Marine, Inc. and Great Lakes Dredge & Dock Company through their agents, servants and employees and the unseaworthiness of the vessel, which are more particularly described as follows:

### NEGLIGENCE OF TMA MARINE, INC. AND GREAT LAKE DREDGE & DOCK COMPANY

 a. Failing to provide a competent crew.

 b. Failing to provide its crew with a safe place to work.

 c. Failing to ensure that the manhole was covered.

 d. Failing to properly train and/or supervise plaintiff and other employees.

    e. Failing to provide plaintiff with a safe place to work.

    f. Other acts of negligence which will be shown more fully at trial.

## UNSEAWORTHINESS OF THE VESSEL

    a. Providing an incompetent and inadequate crew.

    b. Providing incompetent supervision.

    c. Providing inadequate equipment to perform the work required.

    d. Other seaworthy conditions which will be shown more fully at trial.

17.

In the further alternative, plaintiff, Michael Cascio, reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of Res Ipsa Loquitur.

18.

As a result of the above described negligence and unseaworthiness of the vessel, Michael Cascio, sustained the following damages:

    a. Past, present and future physical pain and suffering;

    b. Past, present and future mental pain, suffering and anguish;

    c. Past, present and future medical expenses;

    d. Past lost wages;

    e. Past lost found;

    f. Loss of future earning capacity;

    g. Loss of future found;

    h. Loss of fringe benefits;

    i. Disfigurement and disability;

j. Loss of enjoyment of life; and,

k. Other damages which shall be proven at trial.

19.

Plaintiff is entitled to prejudgment interest on his damages from the date of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

20.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

WHEREFORE, plaintiff, Michael Cascio, prays that the defendants, TMA Marine, Inc. and Great Lakes Dredge & Dock Company, be duly cited and served with a copy of the Complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against defendants, TMA Marine, Inc. and Great Lakes Dredge & Dock Company, in an amount sufficient to adequately compensate your plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

**RESPECTFULLY SUBMITTED BY:**

**LES A. MARTIN (#22504)**
614 Tchoupitoulas Street
New Orleans, LA 70130
Telephone (504) 299-0150

**LESTER WALDMANN (#13161)**
301 Huey P. Long Avenue
Gretna, LA 70053
Telephone: (504) 361-9000